IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.   11-CV-800-WDS |
| | ) |
| UNITED STATES of AMERICA and | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are defendants' United States Postal Service ("USPS") and United States of America ("USA") motions to dismiss (Docs. 8, 9) plaintiff's complaint, to which plaintiff has not filed a response.   Plaintiff alleges that defendants employed Marion T. Swanks ("Swanks"), who negligently operated a motor vehicle within the course and scope of his employment, which resulted in severe injuries to plaintiff.   For the reasons that follow, both defendants' motions to dismiss are **GRANTED**.

## BACKGROUND

Plaintiff is a resident of Cape Girardeau County, Missouri.   Plaintiff claims that on or about May 12, 2010, while operating his motor vehicle on U.S. Highway 51 in Pulaski County, Illinois, Swanks, driving in the opposite direction, crossed the centerline and collided with plaintiff's vehicle.   As a result of the alleged accident, plaintiff claims to have suffered severe injuries and seeks damages in the amount of $76,691.71 under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA").

## ANALYSIS

The defendants each seek separately to dismiss plaintiff's complaint on separate theories. First, USPS argues that it is not a proper defendant under the FTCA; and second, the USA argues that it, albeit being a proper defendant, was not served with the claim within the 120 days required by Fed R. Civ. P. 4(m).

**I.      USPS's Motion to Dismiss**

Plaintiff alleges that this Court has jurisdiction over this matter pursuant to the FTCA. "The FTCA permits an individual to sue the United States in federal court 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Simpson v. Simpson*, No. 12-140-GPM, 2012 WL 638786, at *2 (S.D. Ill. Feb. 24, 2012) (quoting *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). According to the Seventh Circuit, "[t]he only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). Moreover, an action under the FTCA must be brought against the United States in its own name and not by naming a federal agency as defendant, even when the agency has statutory power to sue and be sued. *See Carter v. Social Sec. Field Office*, No. 02 C 5526, 2004 WL 609316, at *4 (C.D. Ill. Mar. 22, 2004) (citing 28 U.S.C. § 2679(a)). *See also Newberg v. Fed. Sav. & Loan Ins. Corp.*, 317 F. Supp. 1104, 1106 (N.D. Ill. 1970) ("[I]t is clear that under th[e FTCA], a federal agency cannot be sued directly."). Thus, there is no doubt that the USA is the only proper defendant in this case. Accordingly, defendant USPS's motion to dismiss

(Doc. 8) is **GRANTED** and plaintiff's claims against the USPS are **DISMISSED WITH PREJUDICE**.

II.     **USA's Motion to Dismiss**

Fed. R. Civ. P. 4(m) provides, "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."   This rule, however, also provides that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."   *Id.* Increasing the leniency of this rule even more, cases have allowed district courts to extend the time for service even if there was no good cause for plaintiff's missing the deadline.   *See Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998*); Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 341 (7th Cir. 1996).   Based on the foregoing, the Seventh Circuit noted, "there is justifiable delay ('good cause'), but there is excusable neglect as well, as grounds for extension." *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002).   Thus, the former calls for mandatory extension by the district court and the latter allows the district court to use its discretion in granting an extension or not.   *See id.*

In this case, plaintiff filed its FTCA action on October 5, 2011, but did not provide service on the USA until July 2012, clearly, violating Rule 4(m)'s 120 day deadline.   Generally, the Court would analyze whether plaintiff's failure to provide timely service was based on justifiable delay or excusable neglect.   The Court is left with nothing to analyze, however, because plaintiff did not file a response to the USA's motion to dismiss, and his deadline to do so was October 25, 2012.   Plaintiff has not provided this Court with any reason, good or bad, why it failed to comply with Rule 4(m), and therefore no basis exists upon which the Court should

grant a good cause extension or a permissive extension of time for service. Accordingly, no extension under Rule 4(m) is warranted. Defendant USA's motion to dismiss (Doc. 9) is **GRANTED** and the plaintiff's complaint is **DISMISSED**.

## CONCLUSION

The Court **GRANTS** defendant USPS's motion to dismiss, (Doc. 8) and defendant USA's motion to dismiss (Doc. 9). The Clerk of the Court is **DIRECTED** to close this case.

Each party **SHALL** bear its own costs.

**IT IS SO ORDERED.**

**DATE: February 27, 2013**

/s/   WILLIAM D. STIEHL
     DISTRICT JUDGE